UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. FISHER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 413CV2421 RWS |
| | ) | |
| LAURENT D. JAVOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion for leave to commence this action without payment of the filing fee pursuant to 28 U.S.C. § 1915. [Doc. #2] Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted,

the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a civil detainee at St. Louis Psychiatric Rehabilitation Center, filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff states in a conclusory manner that his 5th, 8th and 14th Amendments to the Constitution have been violated by some unknown persons. Named as defendants in the caption of plaintiff's complaint are Laurent D. Javois, Felix T. Vincenz and Unknown Selvadural. However, plaintiff has not identified exactly who the alleged defendants are, who they work for or how they are involved in the present action. Rather, his complaint is disjointed, made up of conclusory statements, and fails to match up each defendant with an alleged unlawful act.

Plaintiff claims that the "administration" at the St. Louis Psychiatric Center has kept the restroom door locked causing "discomfort and humiliation" from "preexisting conditions." He

claims this alleged unlawful act is in violation of a conspiracy under 42 U.S.C. § 1986.[1] However, plaintiff fails to assert exactly who is "locking up" the restrooms or how this conduct is unlawful or in violation of his constitutional rights.

Plaintiff further claims that "Dr. Selvadural discontinued Advair disk, life-threatening matters, see records, went to BJC ER Room." Plaintiff fails to identify Dr. Selvadural and whether he is a state actor or simply an outside doctor who treated plaintiff who is not subject to liability under § 1983.[3]

Plaintiff additionally states that all "cost goes to Laurent Javois" who "illegally got Audrain medical center reports without my permission. . . and I had to buy my records back."[2] Plaintiff does not state exactly what constitutional amendment he believes defendant Javois allegedly violated with his purported unlawful acts.

In a supplement to his complaint, plaintiff complains that he believes he is being poisoned from mercury contained in fillings in his teeth and he complains he is being subjected to "inadequate medical attention." He does not identify the defendant he blames for this alleged conduct.

Plaintiff further asserts in the supplement to his complaint that he is unable to afford an attorney to represent him in a court proceeding for conditional or unconditional release.

Plaintiff seeks "immediate unconditional release" and $500,000 for defendants' alleged misconduct.

## Discussion

---

[1] A conspiracy claim under 42 U.S.C. § 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). The list of rights to which § 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. Id. A cause of action under 42 U.S.C. § 1986 is dependent on a valid claim under § 1985. Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981).

[2] The Health Insurance Portability and Accountability Act ("HIPAA") does not provide for a private right of action for improper disclosures of medical information. Rather, it limits enforcement of the statute to the Secretary of Health and Human Services. See Acara v. Banks, 470 F.3d 569, 570-72 (5th Cir. 2006).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for specific violations of his constitutional rights. Moreover, as noted above, plaintiff has not even properly identified the defendants and whether they are state actors that can be held liable under § 1983. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, even if defendants are state actors that can be held liable under § 1983, plaintiff's complaint is silent as to the capacity he is suing defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted with respect to the named defendants if they are, indeed, employees of the State of Missouri.

Last, the Court notes that to the extent that plaintiff is seeking a conditional or unconditional release, the proper vehicle for bringing his claims to federal court is through a

petition for writ of federal habeas corpus, pursuant to 28 U.S.C. § 2254, but only after he has exhausted his state remedies prior to doing so. See Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8th Cir.1991) ("To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals.")

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of March, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[3] Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983.